IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

REECIA C. FREY                                                                                          PLAINTIFF

v.                                            CIVIL NO. 21-cv-5051

KILOLO KIJAKAZI,[1] Acting Commissioner                                                  DEFENDANT
Social Security Administration

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Reecia C. Frey, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382.  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for SSI on September 24, 2018, alleging an inability to work since September 12, 2018, due transient ischemic attacks, mini strokes, acute hypertension, sleep apnea, and a history of kidney stones. (Tr. 13, 200). An administrative hearing was held via telephone on April 23, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 13, 32–68). A vocational expert (VE) also testified.

---

[1] Kilolo Kijakazi has been appointed to serve as the Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

On August 12, 2020, the ALJ issued an unfavorable decision. (Tr. 10–30). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: hemiplegic migraine, hypertension, morbid obesity, degenerative joint disease of the hips and SI joints, pseudotumor cerebri, anxiety, depression, borderline personality disorder, schizoaffective disorder, and possible conversion disorder. (Tr. 16–17). The ALJ found Plaintiff had non-severe but medically determinable impairments of insomnia, kidney stones with stent placement, dysuria, thyroid, low back pain, fatty liver, gout, type II diabetes mellitus, pulmonary vascular congestion, cardiomegaly, hyperlipidemia, and syncope. However, after reviewing all evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in 20 CFR Appendix I to Subpart P of 404, Regulation No. 4. (Tr. 17–18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 416.967(a) except that she was limited to unskilled work (simple, routine, repetitive tasks with few variables) with social interaction that is brief and superficial. (Tr. 18–22).

With the help of a VE, the ALJ determined that Plaintiff could not perform any of her past relevant work, but would be able to perform the requirements of representative occupations such as document preparer; cutter and paster, press clippings; and addressing clerk. (Tr. 23). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from September 24, 2018, through the date of her decision. (Tr. 23). Plaintiff requested a review of the hearing decision by the Appeals Council, which was denied on October 16, 2020. (Tr. 1–5). Subsequently, Plaintiff filed this action. (ECF No. 2). This matter is before the undersigned for report and recommendation pursuant to 28 USC §636 (b). Both parties have filed appeal briefs (ECF Nos. 16, 19), and the case is ready for decision.

**I.     Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if the ALJ reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**II.    Discussion**

Plaintiff raises the following issues in this matter: 1) whether the ALJ erred by failing to fully and fairly develop the record by finding on her own that Plaintiff had never suffered a stroke and also with regard to Plaintiff's mental impairments; 2) whether the ALJ erred in failing to consider Plaintiff's alleged impairment of stroke in her step two analysis; 3) whether the ALJ erred in evaluating Plaintiff's subjective complaints;  4) whether the ALJ's RFC finding of unskilled was improper; and 5) whether the ALJ erred at step five in finding Plaintiff could perform the work of a document preparer. (ECF No. 16).

After review, of particular concern to the undersigned is the ALJ's treatment of Plaintiff's impairments related to cerebrovascular accidents. At step two, the ALJ did not address any type of stroke despite numerous discussions of stroke in the medical records and opinion evidence, including the mental consultative examination and those offered by the Agency's nonexamining

4

experts. (Tr. 83–84, 650–51, 874, 1070, 1256, 1262, 1264, 1327, 1329–31, 1426). The ALJ cites one note in the transcript for her assertion that Plaintiff had no history of stroke. (Tr. 20). This is a record from August 25, 2018, when Plaintiff was seen in the emergency department by Peter Ball, MD, with weakness, paresthesia, facial droop and difficulty swallowing. (Tr. 760–63). Dr. Ball noted he had a phone consultation with a neurovascular physician at Arkansas Saves who reported familiarity with the Plaintiff and that she had been evaluated in the past but had no history of stroke. (Tr. 763). While this note may raise questions about Plaintiff's stroke history prior to August of 2018, one of her discharge diagnoses on July 7, 2019, was a cerebrovascular accident. (Tr. 1330). Further, in an opinion offered on December 27, 2018, nonexamining physician David L. Hicks, MD, noted cerebrovascular accident as a medically determinable impairment, and treatment for a left cerebral lacunar infarction and made no suggestion that this was an erroneous diagnosis. (Tr. 83–84). The ALJ discounted the opinions of Plaintiff's treating neurologist, Jay Hinkle, MD, and Plaintiff's primary care provider, Larry Coker, MD, at least in part as they opined some of Plaintiff's limitations stemmed from stroke/transient ischemic attack. (Tr. 21). Plaintiff had a mental consultative examination on January 16, 2019, with Dr. Sonntag, who diagnosed her with depressive disorder and an anxiety disorder, and observed Plaintiff had extreme difficulty controlling her crying and shaking throughout the evaluation as well as becoming overly upset/frustrated when trying to explain herself. (Tr. 874). Dr. Sonntag noted some of her symptoms could be related to physiological difficulties resulting from her stroke and transient ischemic attacks, and recommended re-evaluation in six months to a year to determine if her symptoms improved.

While it is not reversible error to fail to find an impairment severe at step two, so long as said impairment is considered in the RFC assessment, failure to find an impairment severe at step

two, and then failing to consider the effect of the impairment on Plaintiff's RFC is reversible error. *See Misty G. v. Berryhill*, 0:18-CV-00587-KMM, 2019 WL 1318355 (D. Minn. Mar. 22, 2019); *Coleman v. Astrue*, No. 4:11CV2131 CDP, 2013 WL 665084, at *10, 20 (E.D. Mo. Feb. 25, 2013) (finding the ALJ's failure to find Coleman's back pain a severe impairment, and then failing to consider the effect of her back pain in combination with her other severe impairments was reversible error). In the present case, the ALJ did not consider Plaintiff's strokes as an impairment at step two or in the RFC, instead finding that Plaintiff had no history of stroke. Despite the numerous medical professionals who reviewed either treated Plaintiff or Plaintiff's medical records and considered her to be suffering from impairments related to a history of stroke, the ALJ found Plaintiff had never had a stroke and did not consider the impact of any impairments related to her history of stroke in the RFC assessment.

The ALJ "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence." *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000). The RFC must, however, be supported by "some medical evidence," and the ALJ should obtain evidence that addresses the claimant's "ability to function in the workplace." *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000); *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). "An ALJ must not substitute his opinions for those of the physician." *Finch v. Astrue*, 547 F.3d 933, 938 (8th Cir. 2008) (quoting *Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990)). An ALJ is not permitted to "play doctor." *Pates-Fires v. Astrue*, 564 F.3d 935, 946-47 (8th Cir. 2009). Here, the ALJ found Plaintiff had never had a stroke, in direct contradiction of multiple findings of a history of stroke in the record and opinions from doctors that Plaintiff did suffer impairments due to stroke. The ALJ erred in failing to consider the totality of the evidence and by omitting a medically

6

determinable impairment from the decision entirely. The ALJ's decision is not supported by substantial evidence, and requires remand for further consideration.

On remand, the ALJ should consider all of Plaintiff's medically determinable impairments and should address interrogatories to a qualified neurological expert requesting that said physician review all of Plaintiff's medical records; complete an RFC assessment regarding Plaintiff's capabilities during the time period in question; and provide the objective basis for the assessment so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis.[2] If the ALJ determines further evidence is necessary to clarify Plaintiff's limitations the ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

### III.  Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

---

[2] In Kemp v. Colvin, 743 F.3d 630, 633 n.3 (8th Cir. 2014) the Eighth Circuit noted that the necessary resolution of this identified issue may be accomplished by written interrogatories posed to the vocational expert, and thus another administrative hearing may not be required.

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of May 2022

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE